IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-31049
Summary Calendar
_____


FORMOSA PLASTICS CORPORATION, LOUISIANA,

Plaintiff,

and

MICHAEL DRAGO, MARVIN HOLLINS, TIMOTHY BOURQUE,

Plaintiffs-Appellants,

versus

MARK J. KAPLAN, GERALD FLEISCHUT, acting director, Region 15,
National Labor Relations Board, NATIONAL LABOR RELATIONS BOARD,

Defendants-Appellees.
)))))))))))))))))))))))))))))))))))))))))))))))))))))))))))))))))
MICHAEL DRAGO, MARVIN HOLLINS, TIMOTHY BOURQUE,

Plaintiffs-Appellants,

versus

NATIONAL LABOR RELATIONS BOARD, MARK J. KAPLAN, Acting directors,
Region 15, National Labor Relations Board, GERALD FLEISCHUT,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
(CA-95-348-A)
_____

May 14, 1996

Before SMITH, BENAVIDES and DENNIS, Circuit Judges.

FORTUNATO P. BENAVIDES, Circuit Judge:[*]

    Plaintiffs-Appellants appeal the district court's dismissal

for lack of subject matter jurisdiction.  Finding that Defendant-

_____

    [*] Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

Appellee the National Labor Relations Board's implementation of the "blocking charge rule" was not highly arbitrary or beyond the statutory authority vesting in it by Congress, we affirm.

BACKGROUND

This case involves consolidated actions to compel and direct the Acting Director of Region 15 of the National Labor Relations Board ("NLRB") to investigate and process a decertification petition filed by the employees of Formosa Plastics Corporation, Louisiana ("Formosa") and to investigate a petition for representation election filed by Formosa to determine whether the International Brotherhood of Teamsters, Truck Drivers, Warehousemen and Helpers, Local No. 5, APL-CIO (the "Union") continues to maintain majority status among the bargaining unit employees of Formosa. Since 1981, the Union has been the collective bargaining representative of Formosa's production and maintenance employees. Their most recent collective bargaining agreement covered the period from October 1, 1989 through September 30, 1992. A new agreement has not been negotiated since 1992.

On January 24, 1995, Formosa's employees filed a decertification petition, supported by 55% of the bargaining unit, with the NLRB to decertify the Union and to request that an election be held to determine whether the Union is to remain the bargaining representative of the Formosa employees. The NLRB declined to take action on the decertification petition, and, instead, imposed the "blocking charge rule"[1] to delay action during

---

[1] Under the "blocking charge rule," the NLRB dismisses or

the pendency of unfair labor practice charges filed against Formosa by the Union. Then on February 9, 1995, Formosa filed a petition for representation election with the NLRB requesting that a representation election be held in order to permit Formosa's employees to determine whether they still wanted to be represented by the Union. The NLRB informed Formosa that the "blocking charge rule" would also delay action on its petition for representation election pending the resolution of the unfair labor practice charges.

On April 12, 1995, Formosa's employees filed a Complaint for Mandamus with the district court, in which they sought to compel the NLRB to immediately investigate whether a question of representation exists at Formosa pursuant to the NLRB's mandatory duty of investigation enumerated in 29 U.S.C. § 159(c)(1)(A). That case was consolidated with the separate suit filed by Formosa to compel the NLRB to investigate is petition for representation election on May 16, 1995.

On June 20, 1995, the NLRB filed a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(1) and (6), arguing that the district court lacked subject matter jurisdiction and that the complaints failed to state a claim upon which relief could be granted. On August 1, 1995, the court entered an order granting the NLRB's motion to dismiss and finding that Formosa and its employees failed to

---

postpones its investigation of questions concerning representation during the pendency of certain unfair labor practice charges or while the effects of prior unfair labor practice charges remain undissipated.

demonstrate the exceptional circumstances, established by the Supreme Court in *Leedom v. Kyne*[2], necessary to invoke district court subject matter jurisdiction to review determinations made by the NLRB. Judgment was entered August 3, 1995. Formosa subsequently filed a motion for a new trial, which the court denied.

JURISDICTION TO REVIEW BLOCKING CHARGE RULE

Plaintiffs-Appellants assert that the NLRB violated section 9(c)(1) of the Labor Management Relations Act, 29 U.S.C. § 159(c)(1)(A), by breaching its duty to consider, investigate and act upon their decertification petition prior to imposing the "blocking charge rule." Our decision in this case is guided by our holding in *Bishop v. NLRB*, 502 F.2d 1024 (5th Cir. 1974). In *Bishop*, we set out and explained the limited circumstances under which federal courts could assume jurisdiction to review NLRB representation orders. Specifically, we addressed the issue of federal jurisdiction with respect to the "blocking charge rule." We concluded that the rule established by the Supreme Court in *Kyne* proposes that courts cannot review a NLRB representation order unless the NLRB's actions "exceed the scope of its statutory authority." *Id.* at 1031.

As Plaintiffs-Appellants point out, our decisions in *Templeton v. Dixie Color Printing Co.*[3] and *Surratt v. NLRB*[4] applied the rule

_____

[2]  358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958).

[3]  444 F.2d 1064 (5th Cir. 1971).

[4]  463 F.2d 378 (5th Cir. 1972).

of *Kyne* and determined that the NLRB's actions were arbitrary and in plain violation of a mandatory section of the Act. However, the circumstances of the instant case differ. In *Templeton*, the NLRB imposed the "blocking charge rule" without determining whether it made sense as applied to the particular facts of the case. As it turned out, the unfair labor practices involved in that case were so ancient that any effects there might have been on the employees' attitude toward the Union had long since dissipated. Then in *Surratt*, the NLRB applied the "blocking charge rule" after the unfair labor practice charges blocking the decertification petition were found totally without merit by the trial examiner following a full administrative hearing. In both *Templeton* and *Surratt* we concluded that the NLRB acted with a "high degree of arbitrariness," which was found to be in violation of the Act and within the prohibition of *Kyne*. *Bishop*, 502 F.2d at 1031.

Our review of the record in this case, however, reveals that the NLRB's imposition of the "blocking charge rule" is not arbitrary or in excess of its statutory powers. The record shows that the NLRB acted well within the boundaries of its statutory mandate by specifically determining that the unfair labor practice charges alleged against Formosa by the Union were substantial enough to impact the election, and would thus be detrimental to the free choice of Formosa's employees.[5] To allow federal court

---

[5] Indeed, we note that since the appeal was filed in this case, the NLRB has issued a decision and order affirming the administrative law judge's determination that Formosa has engaged in unfair labor practices by violating Section 8(a)(5) and (1) of the Act. *See Formosa Plastics Corporation, Louisiana and General*

5

jurisdiction under the facts of this case would circumvent the Congressional determination that "the NLRB, and not the courts, is to be the umpire in representation disputes." *Bishop*, 502 F.2d at 1027 (internal citations omitted). Therefore, because we have concluded that NLRB did not act with the "high degree of arbitrariness" exhibited in *Templeton* and *Surratt* necessary to apply the *Kyne* rule, we find that the district court properly determined that it had no subject matter jurisdiction over Plaintiffs-Appellants' lawsuit.

## CONCLUSION

For the reasons articulated above, the judgment of the district court is AFFIRMED. Defendants-Appellees' motion to supplement the record is GRANTED.

---

*Truck Drivers, Warehousemen and Helpers Local No. 5, International Brotherhood of Teamsters, AFL-CIO*, 320 NLRB No. 13 (January 3, 1996).